UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
JESSICA FLICK, an individual, and
CREATIF LICENSING CORP., a New York
Corporation,

                      Plaintiffs,        CIVIL ACTION

                                        Index No.:

                                        **COMPLAINT**
              -v-                  **(JURY TRIAL DEMANDED)**

TUMBLEWEED CRAFTS INC., a North Carolina
Corporation, STEPHEN SMITH, an individual,
and Does 1-10,

                      Defendants.
-----------------------------------------------------------X

       Plaintiffs Jessica Flick and Creatif Licensing Corp., by and through their undersigned attorneys The Law Offices of Tedd S. Levine, LLC, allege as follows:

## PARTIES

       1.     Plaintiffs Jessica Flick (hereinafter "Flick") is an individual residing at 616 Woodsway Drive, Loveland, Ohio 45140.

       2.     Creatif Licensing Corp. (hereinafter "Creatif") is a corporation organized and existing under the laws of the State of New York having its principal place of business at 31 Old Town Crossing, Mt. Kisco, New York 10549.

       3.     Upon information and belief, defendant Tumbleweed Crafts Inc. (hereinafter "Tumbleweed") is a corporation organized and existing under the laws of the State of North Carolina having its principal place of business at with its principal place of

business at 1010 Goodworth Dr., Apex, North Carolina 27539 and a registered office at 800 Lufkin Road, Apex, North Carolina 27502.

4. Upon information and belief, defendant Stephen Smith (hereinafter "Smith") is an individual having his principal business address located at 1010 Goodworth Dr., Apex, North Carolina 27539.

5. Does 1-10 are individuals and business entities whose complete identities are presently unknown to Plaintiffs, and, upon information and belief, were and continue to be involved with claims described in this Complaint. When the identities of these parties become known to Plaintiffs, those defendants and the acts they engaged in will be described in an amended complaint.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action on the following bases:
   a. Under 28 U.S.C. § 1331, since this action involves questions arising under 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 503, 17 U.S.C. § 504 and 17 U.S.C. § 505;
   b. Under 28 U.S.C. § 1332, since this action being between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and
   c. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction.

7. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) and (c), since a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of New York and defendants conduct business in this jurisdiction purposefully availing itself of the benefits herein by, *inter alia*, selling and shipping the infringement products directly into this judicial district, and promoting and selling its products in this judicial district.

8. The Southern District of New York has personal jurisdiction over defendants.

## NATURE OF THE ACTION

9. This action arises under (i) 17 U.S.C. § 501, copyright infringement, and (ii) under New York State and the Common Law for substantial and related claims.

## FACTS

10. Flick is the creator and copyright owner of numerous original works of art. Certain of such works of art were registered with the United States Copyright Office (see Exhibits A-F – Registration Certificates and corresponding deposit materials for each work of art) (hereinafter referred to as the "Registered Works") as follows:

| Copyright Reg. No. | Copyright Reg. Date | Exhibit |
|---|---|---|
| VAu1-145-678 | August 12, 2013 | A |
| VA-1-937-954 | December 2, 2014 | B |
| VAu 1-145-677 | August 12, 2013 | C |
| VAu 1-145-666 | August 12, 2013 | D |
| VA 1-967-233 | March 26, 2015 | E |
| VA 1-967-234 | March 26, 2015 | F |

11. The copyright registrations for, and the copyrights in and to, the Registered Works are in full force and effect and are owned exclusively by Flick.

12. Upon information and belief, Tumbleweed is a wholesale manufacturer of gift products.

13. Upon information and belief, Tumbleweed sells and distributes its products to customers both domestically and internationally.

14. Since in or about the beginning of 2015 Flick through her exclusive licensing agent Creatif presented to Tumbleweed and Smith for their consideration numerous original works of art that Flick created. These works include the images that comprise the Registered Works.

15. Sometime after Flick presented Tumbleweed and Smith the Registered Works for their consideration, upon information and belief, Tumbleweed and Smith willfully, with bad faith intent to profit, and without the consent of Flick or Creatif, copied the Registered Works, exploited the Registered Works and, upon information and belief, actually profited there from.

16. Substantial similarity exists between the works of art used by Tumbleweed and Smith without the consent of Flick and the Registered Works (*see* Exhibit G - The currently identified infringement products with a registration number above that corresponds to the Registered Works being infringed).

17. Tumbleweed and Smith manufactured, sold and, upon information and belief, are continuing to sell products that use works that are substantially similar to or otherwise the same as the Registered Works.

18. Despite have knowledge of their wrongful activities, Tumbleweed and Smith continue to develop works of art that are copied from the Registered Works, develop products using such works of art that are copied from the Registered Works, and

sell, and permit their customers to sell, products that use such works of art that are copied from the Registered Works.

19. At no time did Flick or Creatif on behalf of Flick authorize or sponsor Tumblewood's or Smith's use of any of the Registered Works.

20. At no time did Flick or Creatif on behalf of Flick license to Tumblewood or Smith, expressly or impliedly, any rights to use of any of the Registered Works.

21. As a result of Tumbleweed and Smith manufacturing and selling products using the Registered Works, Flick and Creatif lost income and continue to lose income relating to such activities.

22. Upon information and belief, Smith is the President and Chief Executive Officer of Tumbleweed. Since prior to 2015 Smith has been responsible for the day-to-day corporate and administrative responsibilities of Tumbleweed and was and continues to be accountable for making all important business decisions for Tumbleweed, including those involving what artwork is used in connection with the products Tumbleweed manufactures and sells.

23. Smith is a contributory infringer of the Registered Works since he (1) had and continues to have knowledge of Tumbleweed's infringing activity in the Registered Works, and (2) induced, caused, and materially contributed to said infringing conduct of Tumbleweed. In addition, Smith had and continues to have the right and ability to control the infringing activity of Tumbleweed, and had and continues to have a direct financial interest in that activity.

## COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
(Tumbleweed)

24. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 23 above as if fully set forth herein.

25. Defendants' use of the Registered Works constitutes infringement pursuant to 17 U.S.C. § 501.

26. Such conduct on the part of defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

27. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount far in excess of $75,000.

## COUNT II - CONTRIBUTORY COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
(Smith)

28. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant Tumbleweed's use of the Registered Works constitutes infringement pursuant to 17 U.S.C. § 501.

30. Defendant Smith had and continues to have knowledge of Tumbleweed's infringing activity using the Registered Works. Defendant Smith induced, caused, and materially contributed to Tumbleweed's infringing conduct. Defendant Smith continues to induce, cause, and materially contribute to Tumbleweed's infringing conduct.

31. Smith had and continues to have the right and ability to control the infringing activity of Tumbleweed, and had and continues to have a direct financial interest in that activity.

32. Such conduct on the part of Smith has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

33. Such conduct on the part of Smith has caused and will continue to cause damages to Plaintiffs in an amount far in excess of $75,000.

## COUNT III - COMMON LAW UNFAIR COMPETITION
### (Tumbleweed)

34. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 33 hereof as if fully set forth herein.

35. By reason of the foregoing, Tumbleweed has engaged, and is continuing to engage, in acts of unfair competition in violation of the common law.

36. Such conduct on the part of defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

37. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount far in excess of $75,000.

## COUNT IV - UNJUST ENRICHMENT
### (Tumbleweed and Smith)

38. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 37 hereof as if fully set forth herein.

39. Tumbleweed and Smith have failed to pay Plaintiffs sufficient compensation on products they developed and sold using the Registered Works and/or works of art derivative of the Registered Works.

40. By reason of Tumbleweed's and Smith's conduct, Tumbleweed and Smith have been unjustly enriched and are indebted to Plaintiffs for using the Registered Works and/or works derivative of the Registered Works.

41. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiffs in an amount far in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

1. Permanently enjoining and restraining Tumbleweed, its officers, directors, principals, servants, employees, customers, successors and assigns, and all those in active concert or participation with them, including, but not limited to Smith from:

(a) imitating, copying or making unauthorized use of the Registered Works;

(b) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any work that is a simulation, reproduction, copy, or colorable imitation of any of the Registered Works;

(c) engaging in any other activity, including the effectuation of assignments or transfers of their interests in simulations, reproductions, copies, counterfeits or colorable imitations of the Registered Works, as well as the formation of other corporations, partnerships, associations or other entities or the utilization of any

other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(a) and 1(b) above;

        (d)    making any statement or representation whatsoever, with respect to the Registered Works, that falsely designates the ownership or is misleading in any way; and

        (e)    engaging in any other activity constituting unfair competition with regard to the Plaintiffs, and/or any products that use the Registered Works, or Plaintiffs' right to use or exploit the Registered Works, and the reputation and the goodwill associated with Flick and her works of art.

    2.    Directing such other relief as the Court may deem appropriate to prevent the unauthorized use works of art created by Flick, including the Registered Works.

    3.    Directing that defendants deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in their possession, custody or control bearing works of art created by Flick, including all works of art derivative of works of art created by Flick, patterns, plates, molds, matrices and other means of making simulations of products using such works of art.

    4.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product offered for sale, sold or otherwise circulated or promoted by Tumbleweed is authorized by Plaintiffs, or related to or associated in any way with Plaintiffs.

    5.    Requiring defendants to account and pay over to Plaintiffs all

profits realized by (a) their infringement and counterfeiting of the Registered Works, and (b) that these illicit profits be trebled since they were generated willfully by defendants.

6. Awarding Plaintiffs damages representing three times the amount of Plaintiffs' actual damages incurred by reason of the facts and occurrences alleged herein.

7. In the alternative, subject to Plaintiffs' election, defendants to pay Plaintiffs the maximum amount of statutory damages as a result of defendants' willful infringement of the Registered Works.

8. Awarding Plaintiffs consequential and other damages to be determined.

9. Awarding Plaintiffs their costs and reasonable attorneys', expert witness, and investigating fees, together with pre-judgment interest.

10. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
September 18, 2015

Respectfully submitted,

THE LAW OFFICES OF TEDD S. LEVINE, LLC
Attorneys for Plaintiffs

By: _____
Tedd S. Levine, Esq. (TL 0158)
1305 Franklin Avenue, Suite 300
Garden City, NY 11530
email: lawofficesofteddslevine@gmail.com
Tel: (516) 294-6852
Fax: (516) 294-4860